This Evidence alone cleared Pourkſdorff, by ſwearing ſhe ſtole the Goods herſelf.

———◆———

Preſent :

Ch. Juſtice, Judge Lynde, Cuſhing & Oliver.

BALLARD

*v.*

MCLEAN.

Rec. 1764.
Fol. 111.

Miſtake in
the Addition
of Place will
abate a Writ
of Review.

Ballard *verſ.* McLean.

THIS was a Writ of Review. McLean was called, of Milton, but it was fully proved that he did not belong to Milton. The Queſtion was, whether, this being a Writ of *Review*, which iſſues out of the *Clerk's Office*, it ſhould abate.

*Mr.*

———

Mr. *Dana*, in Support of the Writ, urged that the three Years (the Time limited by Law for bringing a Writ of Review) would expire before they could bring another Writ; and ſaid further that the Defendant was *late* of Milton, and was called in the original Writ, of Milton, which cauſed the Miſtake; and ſaid it would be a great Hardſhip upon the Plaintiff, when it was no Fault of his, for the Writ iſſued out of the Clerk's Office, that he ſhould be precluded from bringing his Review. Cited 2 Strange, 924, *Cortiſos* vs. *Munoz*.

Mr. *Thacher*, *contra*. Had he been named *nuper*, it might have done, but the Plaintiff has declared with Certainty. As to Writs of Review, they always have been and are ſubjeƈt to the ſame Rules with other Writs; and the Cuſtom has ever been in this Court to ſhow Writs of Review no more Favour than to other Writs.

*Juſtices Lynde*, *Cuſhing* & *Oliver* for abating it. (1)

*Ch. Juſtice*. Abſtraƈted from the Cuſtom, I ſee no Reaſon why it ſhould abate.

--------

(1) Where a writ of review was improvidently iſſued, without notice to the oppoſite party, the Court ordered a hearing, but refuſed to quaſh the writ, becauſe, the three years having elapſed, the plaintiff would thereby loſe his right to bring another petition. *Clap* v. *Joſlyn*, 1 Maſs. 133. And in *Brewer* v. *Sibley*, 13 Met. 177, it is intimated that in caſe of review "it would be reaſonable to reſtriƈt the defence to the merits."